**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**JOHN DOE,**

      **Plaintiff,**

  **v.**                                **Case No.**

**COLUMBIA UNIVERSITY,**

      **Defendant.**

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED
UNDER A PSEUDONYM**

---

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 1

ARGUMENT ................................................................................................................. 1

    I.   Legal Standards.................................................................................................. 1

        A.   **The Second Circuit Balancing Test ..............................................................1**

        B.   **Plaintiff's Interest in Remaining Anonymous Outweighs the Need for Public Disclosure ................................................................................................2**

              i.   The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature................................................................................................ 2

             ii.   Identification of Plaintiff would Pose a Risk of Retaliatory Physical or Mental Harm to Plaintiff................................................................... 5

            iii.   Identification Presents Other, Severe Harms, Including that the Injury Litigated Against Would Be Incurred as a Result of the Disclosure of Plaintiff's Identity................................................................................ 6

            iv.   Plaintiff Is Particularly Vulnerable to the Possible Harms of Disclosure, Particularly in Light of His Age.................................................... 10

              v.   The Suit is Challenging the Actions of a Partially Federally-Funded College ..................................................................................................... 10

            vi.   Defendant Is Not Prejudiced by Allowing Plaintiff to Press His Claims Anonymously................................................................................... 11

            vii.   The Plaintiff Has Sought to Keep his Identity Confidential........................ 12

           viii.  The Public's Interest in the Litigation is not Furthered by Requiring Plaintiff to Disclose His Identity, and There is a Weak Public Interest in Knowing Plaintiff's Identity ....................................................... 12

            ix.   There Are Minimal Alternative Mechanisms for Protecting the Confidentiality of the Plaintiff...................................................... 13

    CONCLUSION............................................................................................................ 14

i

# **TABLE OF AUTHORITIES**

## CASES

*Doe No. 2 v. Kolko*,
   242 F.R.D. 193 (E.D.N.Y. 2006) ........................................................................... 11, 12, 13
*Doe v. Alger*,
   317 F.R.D. 37 (W.D. Va. 2016).................................................................................. 4, 6, 8
*Doe v. Allegheny College*,
   No. 17-cv-00031 (W.D.Pa. May 1, 2017)........................................................................... 5
*Doe v. Amherst Coll.*,
   238 F. Supp. 3d 195, 202 n.1 (D. Mass. 2017) .................................................................. 4
*Doe v. Baum*,
   903 F.3d 575 (6th Cir. 2018) ............................................................................................. 3
*Doe v. Brandeis Univ.*,
   177 F. Supp. 3d 561 (D. Mass. 2016) ................................................................................ 4
*Doe v. Brown Univ.*,
   166 F. Supp. 3d 177 (D.R.I. 2016)..................................................................................... 4
*Doe v. Colgate Univ.*,
   No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ...................... 3
*Doe v. Columbia Univ.*,
   831 F.3d 46 (2d Cir. 2016).................................................................................................. 3
*Doe v. Cummins*,
   662 Fed. Appx. 437 (6th Cir. 2016).................................................................................... 8
*Doe v. Del Rio*,
   241 F.R.D. 154 (S.D.N.Y. 2006) ................................................................................. 11, 12
*Doe v. Evans,*
   202 F.R.D. 173 (E.D. Pa. 2001) ....................................................................................... 13
*Doe v. George Washington Univ.*,
   321 F. Supp. 3d 118 (D.D.C. 2018) ................................................................................... 3
*Doe v. Grinnell Coll.*,
   No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July 10, 2017) ................................................. 5
*Doe v. Middlebury.*
   No. 15-CV-192 (JGM), 2015 WL 5488109 (D.Vt. Sept. 16, 2015)...................................... 4
*Doe v. Pennsylvania State Univ.*,
   336 F. Supp. 3d 44 (M.D. Pa. 2018).................................................................................... 3
*Doe v. Penzato*,
   10-CV-5154 (MEJ), 2011 WL 1833007 (N.D. Cal. May 13, 2011)........................................ 5
*Doe v. Rector & Visitors of George Mason Univ.*,
   149 F. Supp. 3d 602 (E.D. Va. 2016) ................................................................................. 8
*Doe v. Salisbury Univ.*,
   107 F. Supp. 3d 481 (D. Md. 2015) .................................................................................... 4
*Doe v. Stegall*,
   653 F.2d 180 (5th Cir. 1981) ........................................................................................... 13
*Doe v. Swarthmore College*,
   No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) ................................................................ 5

*Doe v. The Trustees of the Univ. of Pennsylvania,*
  270 F. Supp. 3d 799 (E.D. Pa. 2017) ................................................................. 3
*Doe v. Trs. of Univ. of Pennsylvania,*
  No. 16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) ................................................. 6
*Doe v. Trustees of Boston Coll.,*
  892 F.3d 67 (1st Cir. 2018) ............................................................................... 3
*Doe v. Trustees of Dartmouth Coll.,*
  No. 18-CV-040-LM, 2018 WL 2048385 (D.N.H. May 2, 2018) ....................... 9
*Doe v. Univ. of Montana,*
  2012 WL 2416481 (D. Mont. 2012) .................................................................. 4
*Doe v. Univ. of S. Florida Bd. of Trustees,*
  15-CV-682-T-30 (EAJ), 2015 WL 3453753 (M.D. Fla. 2015) ........................ 4
*Doe v. Univ. of S.C.,*
  No. 18-CV-161 (TLW) (PJG), 2018 WL 1215045 (D.S.C. Feb. 12, 2018) ....... 3
*Doe v. Univ. of Scis.,*
  No. 19-cv-00358, 2019 WL 632022 (E.D. Pa. Feb. 14, 2019) .......................... 3
*Doe v. Univ. of St. Thomas,*
  No. 16-CV-1127(ADM) (KMM), 2016 WL 9307609 (D. Minn. May 25, 2016) ............. 4, 9
*Doe v. Univ. of the South,*
  687 F. Supp. 2d 744 (E.D. Tenn. 2009) ............................................................ 5
*Doe v. Virginia Polytechnic Inst. & State Univ.,*
  No. 18-CV-170, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018) ......................... 6
*Doe v. Washington & Lee Univ.,*
  No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) ....................... 4
*Does I thru XXIII v. Advanced Textile Corp.,*
  214 F.3d 1058 (9th Cir. 2000) .......................................................................... 12
*EW v. New York Blood Ctr.,*
  213 F.R.D. 108, 111 (E.D.N.Y. 2003) .......................................................... 6, 11
*Plaintiffs I–XXIII v. Advanced Textile Corp.,*
  214 F.3d 1058 (9th Cir.2000) ............................................................................ 5
*Richmond Newspapers, Inc. v. Virginia,*
  448 U.S. 555 (1980) ......................................................................................... 13
*Sealed Plaintiff v. Sealed Defendant,*
  537 F.3d 185 (2d Cir. 2008) ......................................................................... 1, 13

## OTHER AUTHORITIES

Jon Hyman, Esq., *Sexual Harassment is the Hiring Scarlet Letter*, Workforce.com (Feb. 8,
  2018), available at https://www.workforce.com/2018/02/08/sexual-harassment-hiring-scarlet-
  letter/ ............................................................................................................... 7

## INTRODUCTION

Plaintiff, by his attorneys, Nesenoff & Miltenberg, LLP, hereby respectfully requests that this Court: (i) permit Plaintiff to proceed in the above-captioned matter under the pseudonym John Doe, and to similarly permit Plaintiff to identify other non-parties to this litigation by pseudonym; and (ii) issue a protective order precluding Defendant (and their agents, employees, and representatives) from disclosing Plaintiff's identity, through court filings or otherwise. In light of the private, sensitive, and highly personal nature of the allegations contained in the Complaint, the risk that identifying Plaintiff would subject him to the precise harm he is seeking to avoid by way of this action, and the minimal public interest in learning Plaintiff's identity, Plaintiff's identity should not be disclosed to the public at this time.

Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

Plaintiff refers the Court to Plaintiff's Complaint for the complete recitation of facts underlying this litigation, which is being filed simultaneously with the instant motion.

## ARGUMENT

**I.**     **Legal Standards**

**A.**     **The Second Circuit Balancing Test**

The Second Circuit has identified the relevant inquiry on a motion to proceed by pseudonym as "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (reversing district court's denial of plaintiff's motion to proceed by pseudonym, where plaintiff was suing state and municipal officers for sexual assault). In balancing these interests, the reviewing court looks to the following non-exhaustive factors:

1

(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations in original) (internal quotations and citations omitted).

When the factors favoring non-disclosure outweigh the factors favoring public access, the reviewing court should grant the plaintiff's motion to proceed by pseudonym. As explained in further detail below, an evaluation of the relevant factors in this case militates in favor of permitting Plaintiff to proceed pseudonymously.

**B.      Plaintiff's Interest in Remaining Anonymous Outweighs the Need for Public Disclosure**

> **i.      The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature**

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. As is evident from the Complaint, the claims which form the subject of this Complaint involve graphic details of antisemitism. Plaintiff respectfully suggests that the need for privacy of the involved students significantly outweighs the general public's need to know their identities.

Further, Plaintiff does not contend that the revelation of his name would result in mere embarrassment. Rather, Plaintiff notes the highly sensitive issues involved with claims of

2

antisemitism. Moreover, recognizing the delicate nature of cases such as the one at bar, courts across the country have routinely permitted similarly situated plaintiffs—students falsely accused of university policy violations dealing with sensitive topics/hot button issues—to proceed by pseudonym, acknowledging the great danger such plaintiffs face in proceeding under their own names, and the futility of the lawsuit if the allegations will be forever publicly associated with plaintiffs' names.

As the District Court for the Northern District of New York has explained with regard to those accused of university policy violations involving sexual assault, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.,* No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) (emphasis added). *See also Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018) (student found responsible for sexual misconduct); *Doe v. Columbia Univ*., 831 F.3d 46 (2d Cir. 2016) (student found responsible for sexual misconduct); *Doe v. Univ. of Scis.*, No. 19-cv-00358, 2019 WL 632022, at *1 (E.D. Pa. Feb. 14, 2019) (plaintiff permitted to proceed as John Doe without formal motion practice); *Doe v. Trustees of Boston Coll.*, 892 F.3d 67 (1st Cir. 2018); *Doe v. Pennsylvania State Univ.*, 336 F. Supp. 3d 441, 442 (M.D. Pa. 2018); *Doe v. George Washington Univ.*, 321 F. Supp. 3d 118 (D.D.C. 2018) (plaintiff student found responsible for sexual assault in university Title IX proceeding); *Doe v. Univ. of S.C.,* No. 18-CV-161 (TLW) (PJG), 2018 WL 1215045, at *1 (D.S.C. Feb. 12, 2018) ("Doe has demonstrated compelling interests in anonymity in this matter because of the personal and sensitive nature of the underlying facts of this case, which involve allegations of sexual assault."), *report and recommendation adopted*, 2018 WL 1182508 (D.S.C. Mar. 6, 2018); *Doe v. The Trustees of the Univ. of Pennsylvania*, 270 F. Supp. 3d 799, 805 (E.D. Pa. 2017)

(plaintiff student found responsible for sexual assault in university Title IX proceeding); *Doe v. Amherst Coll.*, 238 F. Supp. 3d 195, 202 n.1 (D. Mass. 2017) (noting court had previously granted plaintiff's pseudonym motion, where plaintiff student was found responsible for sexual misconduct in school Title IX proceeding); *Doe v. Brown Univ.*, 166 F. Supp. 3d 177 (D.R.I. 2016) (plaintiff student found responsible for sexual assault permitted to proceed as John Doe); *Doe v. Univ. of St. Thomas*, No. 16-CV-1127(ADM) (KMM), 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) ("In cases involving intensely personal matters, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy. . . . The complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters." (citations omitted)); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016) (student found responsible for sexual assault); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (granting motion to proceed as pseudonym by student found responsible for sexual misconduct); *Doe v. Middlebury*. No. 15-CV-192 (JGM), 2015 WL 5488109 (D.Vt. Sept. 16, 2015) (student found responsible for sexual misconduct); *Doe v. Univ. of S. Florida Bd. of Trustees*, 15-CV-682-T-30 (EAJ), 2015 WL 3453753 (M.D. Fla. 2015) (student accused of battery, threats, and violence against girlfriend); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015) (student accused of sexual assault); *Doe v. Washington & Lee Univ.,* No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) (student expelled after finding of nonconsensual intercourse); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses . . . involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's

need to know their names." (*citing Plaintiffs I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000))); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009) (student found responsible for sexual misconduct); *Doe v. Penzato*, 10-CV-5154 (MEJ), 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (granting motion by plaintiff alleging sexual assault to proceed as pseudonym; *Doe v. Grinnell Coll.*, No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July 10, 2017) , ECF No. 39 (finding "the determinative factor here is that disclosure of plaintiff's identity would cause the injury litigated against to be incurred as a result of the disclosure"); *Doe v. Allegheny College*, No. 17-cv-00031 (W.D.Pa. May 1, 2017), ECF No. 18 (granting plaintiff's motion to proceed by pseudonym; *Doe v. Swarthmore College*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014), ECF No. 3 (finding the balance in favor of anonymity "compelling").

In this case, Plaintiff's allegations deal with a policy violation involving topics that are just as—if not more—sensitive as in cases where pseudonym status has routinely been granted. Indeed, if Plaintiff's identity were to be revealed, his safety would be placed in grave danger, especially in light of the antisemitic hate crimes being committed throughout the country. Thus, factor one weighs heavily in favor of non-disclosure.

### ii.   Identification of Plaintiff would Pose a Risk of Retaliatory Physical or Mental Harm to Plaintiff

Although the issue at the heart of this case is Columbia University's discrimination against Plaintiff and its failure to follow its own policies, the subject matter of antisemitism is a highly volatile issue in the public discourse right now and identifying Plaintiff would unduly place him at risk for physical or mental harm. This risk is evidenced by the fact that Plaintiff has already, even without public identification, received death threats at Columbia and has been forced to leave his apartment in fear of his own safety. Plaintiff thus has a concrete, reasonable fear of further physical harm and retaliation should he be publicly identified in this filing.

The nature of the subject matter at hand, and the social and political climate surrounding acts of antisemitism, strongly warrant protection of the parties by permitting them to remain anonymous. As other courts have noted with regard to analogous sexual misconduct claims, "it stands to reason that there are some persons who would seek to inflict physical or mental harm on Doe if they learned of his real name, especially in light of the ongoing national conversation about sexual misconduct on college campuses." *Alger*, 317 F.R.D. at 40 (granting motion to proceed by pseudonym to male student plaintiff found responsible for sexual assault in university Title IX proceeding, over defendants' objection that plaintiff "has not been targeted for violence to date [and] cannot name any individual friend or relative of Roe's who might potentially target him"); *see also Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 18-CV-170, 2018 WL 5929647, at *3 (W.D. Va. Nov. 13, 2018) (granting motion to proceed by pseudonym to male student plaintiff found responsible for sexual assault in university Title IX proceeding, because identification "may put him at risk for physical or mental harm"); *Doe v. Trs. of Univ. of Pennsylvania*, No. 16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) ECF No. 12 (granting motion for pseudonym, noting the plaintiff "has a legitimate fear of significant harm should the preliminary finding of his responsibility for a sexual assault be made public"); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[M]any courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm.").

Thus, factor two weighs heavily in favor of non-disclosure.

### iii.   Identification Presents Other, Severe Harms, Including that the Injury Litigated Against Would Be Incurred as a Result of the Disclosure of Plaintiff's Identity

The revelation of Plaintiff's identity would result in significant, irreparable harm to Plaintiff, the exact type of which he seeks to avoid by the commencement of this lawsuit.

Specifically, if Plaintiff were required to reveal his identity, any ultimate success in this matter would be negated by the disclosure of his name. Any public internet searches of his name would ultimately turn up results including this lawsuit and the false—yet damning—allegations against Plaintiff, as well as Columbia's finding of responsibility. In that regard, even if Plaintiff were to achieve his objective of removing the sanction from his academic records, potential future employers, educational institutions, and even future romantic partners would all have access to these allegations at their fingertips – all it takes is a Google search.

The likelihood of being hired (or accepted to a graduate institution of high caliber) is almost nil when an applicant must contend with the social stigma associated with being found responsible and dismissed for the perpetration of a hate crime, regardless of whether the decision is ultimately overturned as the result of litigation. As one commentator has noted, employers "take a huge risk by hiring a former harasser. If I'm advising my client, I'm telling them not to make the hire unless they are convinced the allegations are false. And even in that case they are taking a risk." *See* Jon Hyman, Esq., *Sexual Harassment is the Hiring Scarlet Letter*, Workforce.com (Feb. 8, 2018), available at https://www.workforce.com/2018/02/08/sexual-harassment-hiring-scarlet-letter/ (recounting story of former professor who resigned amid accusations of sexual misconduct, left the country, found new work in China, and was then petitioned by students at new university based on prior, unproven allegations).

Surely this Court can take judicial notice of the prolific rise of the #FreePalestine movement, which has created a sea change in the nation's views on the Israel-Palestine conflict, and more importantly, on the social, professional, and personal implications of being publicly accused of a crime against protestors. Social media is now regularly weaponized against supporters of Israel, oftentimes before the allegations are even tested in any kind of reliable, unbiased

proceeding.

In other words, the harm that Plaintiff faces should he be publicly identified in this matter could not possibly be ameliorated by an eventual adjudication in his favor: the existence and publication of the allegations alone would forever impact his life in concrete, detrimental, life-altering ways that go well beyond any sort of immaterial, low-level "embarrassment." *See Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) ("The court agrees with Doe that irreparable harm to his name is a relevant factor here and that it tips in favor of anonymity. If he were not allowed to proceed anonymously, part of the relief he seeks—expungement of his student record—would fall short of making him whole: the cat would have already been let out of the bag."). Indeed, in *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d 602, 622 (E.D. Va. 2016), not only was the plaintiff permitted to litigate by pseudonym, he ultimately won summary judgment against the university on the specific grounds that the stigma associated with being found responsible for sexual assault, combined with the sanction imposed by the university, constituted a concrete injury:

> [P]laintiff's lost opportunity to continue with his post-secondary education, coupled with the possibility that he may be unable to pursue meaningful educational opportunities elsewhere while his name remains associated with sexual misconduct, inevitably affects plaintiff's professional prospects. . . . And *common sense suffices to understand that an adjudication of responsibility for sexual misconduct carries a much more powerful stigma* than an adjudication of run-of-the-mill assault or vandalism.
>
> *Doe v. Rector & Visitors of George Mason Univ.*, 149 F. Supp. 3d at 622 (emphasis added).

*See also Doe v. Cummins*, 662 Fed. Appx. 437, 445 (6th Cir. 2016) (when plaintiff male university student was found responsible by his university for sexual assault, "the adverse disciplinary decision did, and continues to, impugn his reputation and integrity, thus implicating a protected liberty interest.").

8

The stigma associated with the University's adjudication in this matter, especially due to the intensified Israel-Palestine conflict, is sufficiently damaging to constitute a legally cognizable harm, and serves to underscore Plaintiff's fear of disclosure in the instant matter as much more than a mere personal desire to avoid embarrassment.

The United States District Court for the District of New Hampshire has astutely recognized:

> [T]hese potential harms are severe and reasonable. . . . [S]ignificant in this case is plaintiff's argument that public disclosure will subject him to reputational damage and will impair his future educational and career prospects, regardless of the actual outcome of this action. Plaintiff cites other campus sexual-assault cases to show that the mere accusation that one has committed a sexual assault can subject the accused to lasting reputational damage and harassment, even where, as here, the accused is ultimately found not culpable of sexual assault. Such a concern is only exacerbated in the Internet age, which can provide additional channels for harassment and will connect plaintiff's name to [the school's]'s findings and sanction forever, whether or not he is successful in this litigation. . . . Plaintiff has a reasonable fear that, *whatever the outcome of the action, public identification will subject him to severe reputational harm and harassment*, and will defeat the very purpose of this litigation.
>
> *Doe v. Trustees of Dartmouth Coll.*, No. 18-CV-040-LM, 2018 WL 2048385, at *5–6 (D.N.H. May 2, 2018) (emphasis added) (citations omitted).

*See also Doe v. Univ. of St. Thomas*, No. 16-CV-1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) ("Even if his lawsuit were successful and his claims of unfair treatment were vindicated down the road—an outcome about which the Court offers no opinion of likelihood—the complained-of damage to Mr. Doe's reputation would be perhaps unfixable if his identity is known. . . . [F]orcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search; that is arguably worse than the reputational harm he complains of from the University's currently confidential disciplinary proceedings. This factor weighs heavily in favor of pseudonymous proceeding.").

The harm that Plaintiff fears if his name is revealed in this case is concrete, severe, and lasting, and would ultimately render any subsequent victory on the merits hollow, as the very damage he seeks to avoid by this lawsuit would be incurred as a result of the disclosure. In the current social climate, a mere allegation of a hate crime alone is enough to ruin a person's life and career. Plaintiff should not be forced to risk his entire professional future and personal reputation in order to have his case heard on the merits. His interest in privacy by far outweighs the public interest in open proceedings.

Thus, factor three weighs heavily in favor of non-disclosure.

### iv.     Plaintiff Is Particularly Vulnerable to the Possible Harms of Disclosure, Particularly in Light of His Age

Plaintiff in the instant case is a young man, not yet graduated from college and at the very inception of his adult life. As discussed above, permitting disclosure of his identity, and thus subjecting him to the crushing stigma of having been found responsible for committing a hate crime, would effectively end his professional career before it has even begun, and could severely detriment his ability to participate in all of the ordinary endeavors of adult life. Indeed, it is not as if Plaintiff has a professional reputation or network, spouse, or other forms of social and career safety nets in place that could cushion the blow of the allegations against him; to the contrary, the very reason for bringing this action is because Columbia's findings and actions will irreversibly impair Plaintiff's ability to pursue his personal, professional, and academic future if not reversed and remedied immediately.

Thus, factor four weighs heavily in favor of non-disclosure.

### v.     The Suit is Challenging the Actions of a Partially Federally-Funded College

With respect to this factor, courts recognize that "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding

anonymously is considered particularly strong [, because in] such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Plaintiff is suing Columbia University, a partially federally-funded private college. Although Columbia is not necessarily a government entity, it is also not an entirely private corporation. In the instant case, there is a strong public interest in vindicating the rights of male students at Columbia, given Columbia's non-compliance with federal law and its own policies.

As the District Court for the Eastern District of New York has explained, a private school and its employees "are neither governmental entities nor ordinary private parties. However, . . . the [school] 'is organized solely to perform an important, public service' and the [employee] is employed to assist in achieving the [school]'s goals. Given the significant roles held by these defendants in their community, plaintiff's allegations . . . raise concerns affecting a larger association rather than the interest of an individual plaintiff." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (quoting *EW*, 213 F.R.D. at 111–12); *see also Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (when a lawsuit "affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process.").

Thus, factor five weighs in favor of non-disclosure.

### vi.     Defendant Is Not Prejudiced by Allowing Plaintiff to Press His Claims Anonymously

Permitting Plaintiff to appear in this matter as John Doe and precluding Defendant from revealing Plaintiff's identity in court filings or otherwise will not "prejudice[e] the opposing party's ability to litigate the case." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th

Cir. 2000). In the instant case, Defendant is well aware of Plaintiff's identity. As such, Defendant

is perfectly able to defend this case, as they may gather relevant evidence (the vast majority, if not

all of which, is in Defendant's possession), conduct discovery, and formulate defenses just as they

would if Plaintiff were to proceed under his own name. Thus, "[o]ther than the need to make

redactions and take measures not to disclose plaintiff's identity, defendant[s] will not be hampered

or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242

F.R.D. 193, 198 (E.D.N.Y. 2006).

      Thus, factor six weighs heavily in favor of non-disclosure.

### vii.    The Plaintiff Has Sought to Keep his Identity Confidential

      "The extent to which the plaintiff's identity has been kept confidential may . . . affect the

weight of the privacy interest," because the plaintiff's interest in anonymity throughout the

litigation is stronger where he has sought to protect his anonymity prior to the litigation. *Doe v.

Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). In the instant case, Plaintiff has done everything

in his power to keep the matter of his disciplinary process confidential. The only people to whom

Plaintiff has disclosed this matter include his immediate family, his legal counsel, and a few very

close friends, for emotional support. Moreover, due to the constraints of the Family Educational

Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, Defendant is generally restricted from

revealing Plaintiff's disciplinary records absent certain circumstances.

      Thus, Plaintiff has done everything in his power to maintain anonymity, and factor seven

weighs in favor of non-disclosure.

### viii.    The Public's Interest in the Litigation is not Furthered by Requiring Plaintiff to Disclose His Identity, and There is a Weak Public Interest in Knowing Plaintiff's Identity

      The primary public interest in the instant action is Columbia's treatment of Israeli students,

whether its University conduct processes violate state and federal law, and whether there is a

pattern of bias and discrimination against Jewish and/or Israeli students. Although the specifics of the case are, of course, relevant to this determination, Plaintiff's identity in and of itself has no relevance to the public interest. For example, Plaintiff is not a public figure, nor a supervisory employee of the University, such that the public would have an interest in learning his specific identity. As such, there is a weak public interest in learning Plaintiff's identity, and the public's interest in this matter would not be furthered by disclosing Plaintiff's identity. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (permitting student alleging sexual assault by Rabbi at Yeshiva school to proceed pseudonymously). As the Fifth Circuit has opined,

> The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical. The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name.

> *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 574 (1980)).

> *See also Doe v. Evans,* 202 F.R.D. 173, 176 (E.D. Pa. 2001) (protecting Plaintiff's identify

will not "impede the public's ability to follow the proceedings"). Thus, factors eight and nine weigh in favor of non-disclosure.

### ix.   There Are Minimal Alternative Mechanisms for Protecting the Confidentiality of the Plaintiff

The final factor for this Court's consideration is whether there are alternative mechanisms for protecting Plaintiff's confidentiality. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. In the instant case, the only alternative method would be to seal the entirety of this action; however, doing so would provide even less public access than Plaintiff's proposal of simply protecting the identities of the involved students.

Thus, factor ten weighs in favor of non-disclosure.

## CONCLUSION

Based on the foregoing, in consideration of New York State law and the balancing of the relevant interests, this Court should allow Plaintiff to proceed by pseudonym in this matter and to identify the other, non-party students by pseudonym. The interests of Defendant and/or the public will not be harmed if Plaintiff's name is not revealed, whereas Plaintiff, along with the non-party students involved in this matter, would be subject to great risk of harm and prejudice if Plaintiff is forced to disclose his identity at this time. For these reasons and other such reasons as may appear just to the Court, Plaintiff respectfully requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated:** **New York, New York**
**April 16, 2024**

**NESENOFF & MILTENBERG, LLP**
***Attorneys for Plaintiff John Doe***

**By:** ***/s/ Andrew T. Miltenberg***
**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Kristen Mohr, Esq.**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com**
**sbernstein@nmllplaw.com**
**kmohr@nmllplaw.com**

14