

| | | | |
|---|---|---|---|
| | Ira S. Nesenoff | Barbara H. Trapasso | Kara L. Gorycki |
| | Andrew T. Miltenberg | Adrienne D. Levy | Susan E. Stark |
| | Stuart Bernstein | Regina M. Federico | Julie A. Sacks |
| | _____ | Ben Goldstein | *Senior Litigation Counsel* |
| | Tara J. Davis | Kristen Mohr | |
| | Gabrielle M. Vinci | Helen Setton | Marybeth Sydor |
| ATTORNEYS AT LAW | Christine Brown | Jordan Tuchman | *Title IX Consultant* |
| **nmllplaw.com** | | | |

May 1, 2024

<u>VIA ELECTRONIC FILING</u>

The Honorable Margaret M. Garnett  
United States District Court  
Southern District of New York  
40 Foley Square, Room 2102  
New York, New York 10007

The Honorable Jesse M. Furman  
United States District Court  
Southern District of New York  
40 Foley Square, Room 2202  
New York, New York 10007

The Honorable Vernon S. Broderick  
United States District Court  
Southern District of New York  
40 Foley Square, Room 415  
New York, New York 10007

The Honorable Analisa N. Torres  
United States District Court  
Southern District of New York  
40 Foley Square, Room 2210  
New York, New York 10007

    Re:    ***Students Against Antisemitism, Inc., et al. v. Trustees of Columbia Univ., et al.*,**  
            **No. 1:24-cv-01306-VSB (S.D.N.Y.) ("*SAA*")**  
            ***Forrest v. Trustees of Columbia Univ., et al.*,**  
            **No. 1:24-cv-01034-JPO (S.D.N.Y.) ("*Forrest*")**  
            ***John Doe v. Trustees of Columbia Univ.*,**  
            **No. 1:24-cv-02870-JMF (S.D.N.Y.) ("*Doe*")**  
            ***C.S. v. The Trustees of Columbia Univ.*,**  
            **No. 1:24-cv-03232-ANT (S.D.N.Y.) ("*C.S.*")**

Dear Judges Garnett, Broderick, Furman, and Torres:

       We represent the Plaintiff in the *Doe* action and write in opposition to the April 29, 2024, letter ("April 29, 2024 Letter") to Your Honors from defendant the Trustees of Columbia University in the City of New York ("Columbia" or the "University").

       We join in counsel, for the *SAA* Plaintiffs, opposition to what amounts to Columbia's second request (February 23, 2024 and April 29, 2024) for consolidation of the above-referenced



matters[1]. Judges Garnett and Broderick, in separate Orders, denied Columbia's February 23, 2024, letter application. (Exhibits. 4, 5 to Columbia's April 29, 2024 letter).

In its April 29, 2024 Letter, Columbia requests that the *Doe, SAA, Forrest, and C.S.* actions be designed as "related" under the Local Rules of this Court, and assigned to the same judge. As Columbia notes in its Letter, Columbia has already made a similar request in the *Forrest* and *SAA* actions, which has been denied. The Court should similarly deny Columbia's current request, as the above-mentioned actions do not meet the requirements for relatedness under this Court's rules.

Rule 13 of the Rules for the Division of Business Among District Judges, Southern District of New York states, in pertinent part:

In determining relatedness, a judge will consider whether:

(A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

Rule 13 further states, "Civil cases *shall not be deemed related merely because they involve common legal issues or the same parties*." S.D.N.Y. Div. Bus. R. 13(a)(2)(A) (emphasis added). Columbia's Letter attempts to skirt the express prohibition set forth in Rule 13(a)(2)(A)—Columbia seeks to have the above-mentioned cases designated as related merely because Columbia is a party to each case. However, there is not "substantial factual overlap" nor do the cases concern the same transaction or events. The *Doe* action concerns a single Columbia University student seeking to redress the injustices caused upon him by Coulmbia's employees and the violations of its policies and procedures. Indeed, the *Doe* action arises from an entirely separate set of facts from the actions which Columbia seeks to have designated as "related." In that sense, designating the cases as related does not better serve "the interests of justice and efficiency," as Columbia attempts to claim, as discovery in these cases will concern wholly different issues. Accordingly, there is no concern that "the parties could be subjected to conflicting orders" or that "there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses."

For the reasons set forth herein, as well as for the reasons stated in the *SAA* plaintiffs' opposition to Columbia's April 29, 2024 Letter, it is respectfully submitted that Columbia's

---

[1] The *Doe* and *C*.S. matters were filed after Columbia's initial February 23, 2024 application on April 16, 2024 and April 29, 2024, respectively.

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188

4 Palo Alto Square | 3000 El Camino Real | Suite 200 | Palo Alto, CA | 94306 | T: 650.209.7400



request to designate the four actions as related and assigned to a single Judge should again be denied.

Thank you for your consideration and attention to this matter.

**Respectfully,**

**By: /s/** *Stuart Bernstein*
  **Andrew T. Miltenberg, Esq.**
  **Stuart Bernstein, Esq.**
  **Kristen Mohr, Esq.**
  **363 Seventh Avenue, Fifth Floor**
  **New York, New York 10001**
  **(212) 736-4500**
  amiltenberg@nmllplaw.com
  sbernstein@nmllplaw.com
  kmohr@nmllplaw.com

  **Jeffrey Lichtman, Esq.**
  **441 Lexington Avenue, Suite 504**
  **New York, New York 10017**
  **(212) 581-1001**
  jhl@jeffreylichtman.com